**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| LISA BOBAY-SOMERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CV-335-HAB |
| | ) | |
| U.S. DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

"The pandemic is over. We still have a problem with COVID. We're still doing a lotta work on it. It's—but the pandemic is over. If you notice, no one's wearing masks. Everybody seems to be in pretty good shape."

President Joseph R. Biden, Jr., *60 Minutes* (CBS television broadcast Sept. 18, 2022)

Plaintiffs are parents of children that attend public schools in and around Fort Wayne, Indiana. In this suit they contend that the Center for Disease Control's ("CDC") February 2021 Order Under Section 361 of the Public Health Service Act, Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs, 86 Fed. Reg. 8025 (Feb. 3, 2021) ("Mask Order") was issued illegally. They also contend that the statutory basis for the Mask Order, Section 361 of the Public Health Service Act, is unconstitutional. Plaintiffs ask the Court for declaratory relief, as well as a nationwide injunction against enforcement of the Mask Order.

Both Plaintiffs and Defendants have moved for summary judgment. (ECF Nos. 15, 21). Those motions are fully briefed. (ECF Nos. 16, 22, 23, 24, 25, 28). While the motions were pending, the Court asked the parties for new briefing on standing. (ECF No. 30). That briefing is now complete. (ECF Nos. 31–34). This matter is ripe for ruling.

I.      **Factual Background**

A.      ***The Mask Order***

The CDC issued the Mask Order on February 3, 2021. The Mask Order required that "a person must wear a mask while boarding, disembarking, and traveling on any conveyance into or within the United States." 86 Fed. Reg. 8029. The Mask Order requires that "individuals traveling into or departing from the United States, traveling interstate, or traveling entirely intrastate, conveyance operators that transport such individuals, and transportation hub operators that facilitate such transportation, must comply with the mask-wearing requirements." *Id*. The Mask Order is clear that it covers "the movement of any conveyance or the transportation or movement of persons occurring solely within the boundaries of a state or territory." *Id*. at 8027.

In February 2022, the CDC updated its guidance on school bus mask wearing. This update effectively terminated any federal requirement that children wear masks on school buses. Within days of the updated guidance, all relevant school districts announced that they would no longer require masks on school buses.

B.      ***Plaintiffs***

As noted above, Plaintiffs are parents of public-school students. Each Plaintiff alleges that their child has faced the Mask Order. The facts specific to each Plaintiff are as follows:

1.      *Plaintiff Koger-Gustafson*

Plaintiff Koger-Gustafson's son attended a school in the East Allen County School district ("EACS") during the 2021–22 school year. At the beginning of the school year, Plaintiff Koger-Gustafson obtained a physician's opinion that her children should "not be medically required to wear masks." (ECF No. 17 at 27). She communicated this information to EACS but was told that her son would not be allowed to ride the bus unless he either wore a mask or could prove that he

was disabled under the Americans with Disabilities Act ("ADA"). Plaintiff Koger-Gustafson refused to submit her son to an ADA evaluation, believing that she had "a reasonable expectation of privacy in directing medical decisions of my children." (*Id*. at 28). Her son could not ride the bus, so Plaintiff Koger-Gustafson was forced to drive her son to and from school and to sporting events.

### 2.      *Plaintiff Bell*

Plaintiff Bell's three children attended a school in the Northwest Allen County Schools district ("NACS") during the 2021–22 school year. His children had to wear a mask on the school bus both to and from school. Plaintiff Bell was told by his children's bus driver that students who violated the mask requirement would receive verbal warnings, written warnings, and then suspension of their busing privileges.

### 3.      *Plaintiff Bobay-Somers*

Plaintiff Bobay-Somers has two daughters who attended school in NACS at the beginning of the 2021–22 school year. Her children were withdrawn from NACS during the school year. She believes that, should her daughters be re-enrolled in NACS, they will face another federal mask mandate.

## II.      Legal Discussion

### A.      *Summary Judgment Standard*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving

party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs*., 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp*., 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists cannot create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp*., 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

That the parties have cross-moved for summary judgment does not alter the standard. When evaluating each side's motion, the court simply "construe[s] all inferences in favor of the party against whom the motion under consideration is made." *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561–62 (7th Cir. 2002) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).

**B.** *This Court Lacks Jurisdiction Because Plaintiff's Claims are Moot*

Defendants' primary defense throughout this case has been that, because the CDC revised its guidance in February 2022 to not require masks on school buses, Plaintiffs' claims for injunctive relief are moot. Plaintiffs, of course, disagree, arguing that Defendant's voluntary cessation of allegedly unconstitutional conduct should not moot their claims. Because time has proven Defendants correct, the Court finds that no jurisdiction under Article III exists.

Under Article III, "cases that do not involve 'actual, ongoing controversies' are moot and must be dismissed for lack of jurisdiction." *Fed'n of Advert. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003) (quoting *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990–91 (7th Cir.2000)). Mootness is often described as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 68 n. 22 (1997); *see also United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980), *but see Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 189–90 (2000) (explaining that this description of mootness is "not comprehensive"). The party asserting mootness bears the burden of persuasion. *Laidlaw*, 528 U.S. at 189.

In analyzing Defendants' mootness claim, the Court must consider any changes between the parties since the litigation began.[1] *Wisc. Right to Life, Inc. v. Schober*, 366 F.3d 485, 491 (7th Cir. 2004). Trying to recount all twists and turns in the COVID saga is a fool's errand, but the Court finds these events to be particularly relevant:

- The February 2022 amended guidance from the CDC eliminating the mask requirement on school buses;

---

[1] The Court has serious reservations about Plaintiffs' standing when the suit was filed. But Defendants have conceded the issue of standing (ECF No. 31 at 7), so the Court will analyze the case on mootness grounds.

- The United States District Court for the Middle District of Florida's opinion in *Health Freedom Defense Fund, Inc. v. Biden*, --- F. Supp. 3d ---, 2022 WL 1134138 (M.D. Fla. Apr. 18, 2022) ("*Health Freedom*"), invalidating the Mask Order; and

- President Biden's statement on the September 18, 2022, episode of 60 Minutes declaring the COVID pandemic "over."

Because the changes stem, at least in part, from Defendants' own actions, Plaintiffs argue that the voluntary cessation doctrine bars the mootness claim. Generally speaking, "'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" *Laidlaw*, 528 U.S. at 189 (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1983)); *see also Chi. United Indus., Ltd. v. City of Chi.*, 445 F.3d 940, 947 (7th Cir. 2006) ("It is true that the mere cessation of the conduct sought to be enjoined does not moot a suit to enjoin the conduct, lest dismissal of the suit leave the defendant free to resume the conduct the next day."). Only when "subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur" will a case become moot by voluntary cessation. *Laidlaw*, 528 U.S. at 189; *accord Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 719 (7th Cir. 2011), adopted but overruled on other grounds en banc, 687 F.3d 840, 842–43 (7th Cir. 2012). The Supreme Court has described this burden of proof as "stringent," "heavy," and "formidable." *Laidlaw*, 528 U.S. at 189–90.

Plaintiffs advance three arguments, all directed at the February 2022 amended guidance, to show that the voluntary cessation doctrine applies. First, they argue that the CDC has not amended or rescinded the Mask Order. This is true, but irrelevant. If the Court accepts Defendants' claims that masks will not be required on school buses going forward, the CDC's failure to amend or remove language in the Mask Order cannot defeat a claim of mootness. *Ragsdale v. Turnock*,

841 F.2d 1358, 1366 (7th Cir. 1988) ("While we share plaintiffs' concern that the State has not acted to remove or amend the statute and regulations, we know of no authority by which we can require it to do so."). The kind of amendment Plaintiffs would like to see would be nice, but by no means is necessary.

More importantly, Defendants **can't** amend the Mask Order in the wake of *Health Freedom*. By its terms, *Health Freedom* "**DECLARE[D] UNLAWFUL** and **VACATE[D]**" the Mask Order. *Health Freedom*, 2022 WL 1134138, at *22 (original emphasis). When an agency rule is vacated, as the Mask Order was in *Health Freedom*, the vacatur restores the status quo before the invalid rule took effect. *See*, *e.g.*, *Nat'l Park Conservation Assn. v. Jewell*, 62 F. Supp. 3d 7, 21 (D.D.C. 2014). Stated another way, unless the Eleventh Circuit, or the United States Supreme Court, reverses *Health Freedom*, there is no Mask Order to amend. That Defendants have not amended a vacated order is not evidence of an intention to repeat conduct, but a recognition of the realities of administrative law.

Second, Plaintiffs argue that the CDC could decide to again require masks on school buses at any time. As a matter of existential fact, Plaintiffs are correct. It is *possible*, just as winning the lottery is possible, that the school bus mask requirement could be reinstated. But the Court finds the notion improbable. Consider community spread rates. In their reply brief, Plaintiffs put forward the following map, showing community spread by county in February 2022:



(ECF No. 25 at 5). This is what that map looks like today, taken from the CDC's website[2]:



---

[2] https://www.cdc.gov/coronavirus/2019-ncov/covid-data/covidview/09162022/images/CCLs.png?_=77696?noicon

The greening of the nation's counties reflects the overall reduction in daily cases, again taken from the CDC's website[3]:



But perhaps more significant than the overall trend down is the sharp increase after February 2022. The seven-day moving average for COVID cases rose nearly five-fold from the end of March 2022 to the end of July 2022.[4] Yet the CDC took no action to reverse its revised guidance on school buses. This is significant evidence to the Court that the CDC intends to stay the course.

Plaintiffs also cite statements by "administration officials," but really just Dr. Anthony Fauci, that show a less-than-certain outlook for government intervention. (ECF No. 25 at 6). But the Court finds more compelling the statements of the President, *the* administration official, who has pronounced the pandemic "over." Now, reasonable minds can differ as to the scientific validity of the President's pronouncement. But accurate or not, the statement is the strongest indication yet that the kind of restrictions imposed at the beginning of the pandemic are largely a thing of the past. In the face of what history has shown over the last few months, the Court finds that Plaintiffs'

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/covid-data/covidview/09162022/images/cases.png?_=32525?noicon
[4] https://covid.cdc.gov/covid-data-tracker/#trends_dailycases_select_00

position, rather than Defendants', is the one that is supported only by "wishful thinking." (*Id*. at 5).

Finally, Plaintiffs argue that, even if their injunctive request is moot, they are still entitled to proceed on a claim for nominal damages. The problem with this argument is that it misrepresents the nature of Plaintiffs' claim. It is true, as Plaintiffs note, that nominal damages are available upon a showing of a constitutional violation of "sufficient gravity to merit a judgment." *Brandt v. Bd. of Educ. of City of Chicago*, 480 F.3d 460, 465 (7th Cir. 2007). But the thrust of Plaintiffs' claim is not constitutional; Plaintiffs instead claim that the CDC violated the Administrative Procedure Act ("APA") in enacting the Mask Order. (ECF No. 1 at 7, 8, 11). And there is no claim for money damages under the APA because the United States has not waived its sovereign immunity when it comes to APA claims seeking money damages. *Veluchamy v. F.D.I.C.*, 706 F.3d 810, 815 (7th Cir. 2013) (citing *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999)). Plaintiffs have no right to nominal damages under the APA, and no right to proceed on a constitutional claim without any live case or controversy.

The factors that courts generally use to evaluate voluntary cessation further support the Court's conclusion. The reason for the amended guidance is illustrative. When a defendant ceases conduct in response to litigation, its mootness claim is weaker because its actions "lack any indicia of permanence." *Freedom from Religion Found., Inc. v. City of Green Bay*, 581 F. Supp. 2d 1019, 1028 (E.D. Wis. 2008). But there is no suggestion that Defendants changed their guidance on mask wearing on school buses in response to this, or any other, litigation. Instead, by its plain terms the removal of the mask requirement on school buses was issued "to align with updated guidance that no longer recommends universal indoor mask wearing in K-12 schools and early education settings

in areas with low or medium COVID-19 Community Level."[5] And, notably, the CDC still required masks on other forms of transportation even after changing its stance on school buses, including "airplanes, trains, subways, buses, taxis, ride-shares, maritime transportation, trolleys, and cable cars."[6] This is a clear indication to the Court that the CDC has, and probably will continue to, exempt school bus riders from a mask requirement even if the larger Mask Order is reinstated.

The Court also must give Defendants' mootness argument particular credence because of their statuses as public officials and entities. "When the defendants are public officials . . . we place greater stock in their acts of self-correction, so long as they appear genuine." *Magnuson v. City of Hickory Hills*, 933 F.2d 562, 565 (7th Cir.1991); *see also Ragsdale*, 841 F.2d at 1365 ("We note additionally that cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties.") (citing 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3533.7, at 353 (2d ed.1984)). The United States Supreme Court has repeatedly found that "repeal, expiration, or significant amendment" of a challenged rule or legislation ends a controversy and moots a claim for injunctive relief. *Fed'n*, 326 F.3d at 930 (collecting cases). "To adopt [Plaintiffs'] view . . . would essentially put this court in the position of assuming that [Defendants have] acted in bad faith—harboring hidden motives to reenact the [rule] after we have dismissed the case—something we do not ordinarily presume." *Id*. at 929. Nothing about this case shows bad faith on the part of Defendants, so the Court will take them at their word.

Plaintiffs' children, and children nationwide, are no longer required to wear masks on school buses. There is no indication that they will ever have to wear them again. If Plaintiffs ever

---

[5] https://www.cdc.gov/quarantine/masks/face-masks-public-transportation.html
[6] *Id*., Frequently Asked Questions, General, **What is a public transportation conveyance?**

had standing to bring a claim challenging that requirement, it no longer exists. Their claim is moot, and this Court lacks jurisdiction to proceed further.

### III.   Conclusion

For these reasons, this matter is DISMISSED for lack of jurisdiction.

SO ORDERED on September 22, 2022.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT